Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH YOUNG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>NEW YORK & COMPANY STORES, INC., a New York corporation; and DOES 1 to 10, inclusive,<br><br>                    Defendants. | CASE NO.: 3:21-cv-00344-BAS-WVG<br><br>*Hon. Cynthia Bashant*<br><br>**PLAINTIFF'S RENEWED NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.**<br><br>Date: June 6, 2022<br>Courtroom: 4B, 4th Floor<br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>Complaint Filed:   February 25, 2021<br>Trial Date:          None Set |

*Sidebar (rotated):* WILSHIRE LAW FIRM, PLC · 3055 Wilshire Blvd., 12th Floor · Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

## NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

TO THE COURT AND DEFENDANT:

PLEASE TAKE NOTICE that on June 6, 2022, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Cynthia Bashant, located in the U.S. District Court – Southern Division, Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, California, 92101, Courtroom 4B, 4th Floor, Plaintiff Sarah Young will and hereby does move this Court to enter a default judgment against Defendant New York & Company Stores, Inc., pursuant to Federal Rule of Civil Procedure 55(b)(2).

The Renewed Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Thiago M. Coelho, Exhibits A-F, the Court's file and records in this action, all matters which may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, and such other evidence and arguments as may be made or presented at or before the hearing on this Motion.

DATED: April 11, 2022                    Respectfully Submitted,


                    /s/ *Thiago M. Coelho*
                    Thiago M. Coelho
                    Binyamin I. Manoucheri
                    **WILSHIRE LAW FIRM**
                    *Attorneys for Plaintiff and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................ii-iii

MEMORANDUM OF POINTS AND AUTHORITIES .........................................1

I.    INTRODUCTION .................................................................1

II.   PERTINENT FACTS ...........................................................3

   A.   Factual Background............................................................3

   B.   Procedural History ............................................................4

III.  ARGUMENT .......................................................................5

   A.   Default is Appropriate Under Rule 55 of the Federal Rues of Civil Procedure ..........................................................5

   B.   The *Eitel* Factors Weigh in Favor of Granting Default Judgment. ..........6

   C.   This Court Possesses Specific Personal Jurisdiction Over Defendant...12

   D.   Venue in this court Is Appropriate .........................................14

   E.   Plaintiff's Computation of Damages Supports the Award .....................15

IV.  CONCLUSION........................................................................17

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

# TABLE OF AUTHORITIES

## CASES

*Avalos v. Red Mountain Asset Fund I, LLC,*
No. 121CV00230NONEJLT, 2021 WL 2549457, at *5,
(E.D. Cal. June 22, 2021) ........................................................................9, 10, 11

*Bd. Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec, Inc.,*
2020 WL 2838801 at *2 (N.D. Cal 2020).................................................................7

*Bensusan Restaurant Corp., v. King,*
937 F.Supp. 295 (S.D.N.Y.1996)...........................................................................13

*CompuServe, Inc. v. Patterson,*
89 F.3d 1257 (6th Cir.1996)...................................................................................13

*Craigslist, Inc. v. Naturemarket, Inc.,*
694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ........................................................11

*Daimler AG v. Bauman,* ——U.S. ——,
134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014) ..........................................................12

*Danning v. Lavine,*
572 F.2d 1386, 1388 (9th Cir. 1978).........................................................................7

*DIRECTV, Inc. v. Hoa Huynh,*
503 F.3d 847, 854 (9th Cir. 2007).............................................................................2

*Eitel v. McCool,*782 F.2d 1470,
1471-72 (9th Cir. 1986)................................................................................*passim*

*Elektra Entm't Grp. Inc. v. Crawford,*
226 F.R.D. 388, 393 (C.D. Cal. 2005) ..........................................................2, 10, 11

*Geddes v. United Financial Group,*
559 F.2d 557, 560 (9th Cir. 1977).............................................................................2

*Hensley v. Eckerhart,*
461 U.S. 424, 433 (1983) .......................................................................................16

*Int'l Shoe Co. v. Wash.,*
326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ..............................................12

*Ketchum v. Moses,*
24 Cal. 4th 1122, 1132 (2001)................................................................................16

*Kloepping v. Fireman's Fund,*
1996 WL 75314 at *2 (N.D. Cal. 1996).....................................................................7

*Landstar Ranger, Inc. v. Parth Enters., Inc.,*
725 F. Supp. 2d 916, 922(C.D. Cal. 2010)............................................................2, 9

///
///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Milliken v. Meyer*,
311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278(1940) ..........................................12

*Molski v. M.J. Cable, Inc.*,
481 F.3d 724, 730 (9th Cir. 2007)..................................................................7, 8

*Picot v. Weston*, 780 F.3d 1206,
1211 (9th Cir. 2015) ......................................................................................12

*Robles v. Domino's Pizza, LLC*,
913 F.3d 898, 902 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122, 205 L. Ed. 2d 41
(2019).........................................................................................1, 7, 8, 15, 16

*Televideo Systems, Inc. v. Heidenthal*,
826 F.2d 915, 917-18 (9th Cir. 1987) .................................................................2

*Vogel v. Rite Aid Corp.*,
992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014)........................................................6

*Vogel v. Rite Aid Corp.*,
992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)........................................................9

*Wecosign, Inc. v. IFG Holdings, Inc.*,
845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).................................................2, 11

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
952 F. Supp. 1119, 1124 (W.D. Pa. 1997) .........................................................13

**STATUTES**

28 U.S.C. § 1391 ...........................................................................................14

42 U.S.C. § 12181 ......................................................................................7, 8

42 U.S.C. § 12205 .........................................................................................16

52.1(h).........................................................................................................15

Cal. Civ. Code § 51 ....................................................................................8, 15

Cal. Civ. Code § 52(a) ....................................................................................16

**RULES**

Cal. Code Civ. Proc. § 410.10 ..........................................................................12

Fed. R. Civ. P. 55(a) ...................................................................................5, 6

Fed. R. Civ. P. 55(b)(2) ...............................................................................5, 6

Federal Rules of Civil Procedure, Rule 12(a)(1) ....................................................5

**TREATISES**

von Mehren & Trautman, Jurisdiction To Adjudicate: A Suggested Analysis, 79
  Harv. L.Rev. 1121, 1136 (1966).....................................................................12

iii

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Sarah Young ("Plaintiff") respectfully requests that this Court enter a default judgment against New York & Company Stores, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b) for failure to plead or otherwise defend this action.  On April 15, 2021, the Court entered default on all counts of the Complaint against Defendant for its failure to defend.  (Dkt. 7).

Each of the factors from *Eitel v. McCool* support the Court granting Plaintiff's motion for default judgment.  782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of Plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id*.

First, the possibility of prejudice to Plaintiff is high, as, without a default judgment, Defendant will continue to discriminate against blind and visually impaired people by failing to make its website compatible with screen-reading software.  Second, the merits of Plaintiff's claim are strong.  Plaintiff has identified four major barriers presented by the website which prevent it from working with screen-reading software.  In *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122, 205 L. Ed. 2d 41 (2019), the Ninth Circuit held that websites with a connection to a brick-and-mortar store, like Defendant's website, must be ADA compliant.  In order to be ADA compliant, those websites must work with screen-readers.  Defendant's website presents barriers which keep it from working with screen-readers.  Accordingly, Defendant is in violation of the ADA.  As Plaintiff's Unruh Act claim is premised on the ADA

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

claim, Cal. Civ. Code § 51(f), the Complaint presents one emphatic question: was the website compatible with screen-readers?  And the answer is no.

As such, the Complaint is sufficient.  Defendant has identified no flaw in the Complaint, and it clearly states Plaintiff's two claims adequately.  Moreover, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that in reviewing a default judgment, the Ninth Circuit takes the well-pleaded factual allegations in the complaint as true).  The Court, taking the well-pleaded factual allegations of the Complaint as true, should find that the merits of Plaintiff's substantive claims are high, and that the Complaint is sufficient.  While the sum of money at stake in the litigation is high, there is no possibility of dispute concerning material facts, as the barriers presented by the website are apparent, and there is no other meaningful area of dispute.  *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (holding that when a plaintiff has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment); *see also Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (concluding that because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists).

Moreover, there is no evidence that default was the product of excusable neglect.  Defendant's failure to respond to service is totally inexcusable.  *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (holding that the excusable neglect factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

is aware of the lawsuit). Defendant runs its business as a corporation ("INC"), as such personal service on the INC's registered agent, C T Corporation System, is sufficient. Thus, Defendant was properly served, as evidenced by the proof of service on file with the Court. (*See* Dkt. 3). Thus, the excusable neglect factor favors the Court granting Plaintiff's default judgment motion too. And while there is a strong policy underlying the Federal Rules of Civil Procedure in favor of decisions on the merits, those Rules also provide for default judgments when, as here, defendants inexplicably refuse to respond to a complaint. Otherwise, participation in cases cannot be enforced.

Lastly, the Court may exercise personal jurisdiction over Defendant, and venue in this forum is proper. First, as to personal jurisdiction, this Court possess personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, its stores, and Plaintiff's claims arose out of Defendant's contacts in California, as Plaintiff accessed the Website in San Diego, county.[1] Venue is also proper. First, since Plaintiff's claims clearly arose from Defendant's activity in this district—Plaintiff accessed the website in this district and was prevented from visiting Defendant's store in this district—venue in the Southern district is proper. Second, as discussed *supra*, this Court possesses personal jurisdiction over Defendant. Finally, Plaintiff has supported her request for damages. This is a strong case for default judgment.

## II.    PERTINENT FACTS

### A. Factual Background

Defendant owns, operates, and controls https://www.nyandcompany.com/ (the "website"), which provides consumers access to a leading specialty manufacturer and retailer of women's fashion apparel and accessories, which are

---

1 In the context of websites, district courts in the Ninth Circuit have determined that the alleged injury occurs in the place where the plaintiff visited the website. *See Strojnik v. Orangewood*, 2019 U.S. Dist. LEXIS 213103, *11 (C.D. Cal. Aug. 8, 2019).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

available to purchase online and its conjunctive retail stores. (Complaint, ¶ 5). Consumers can also access information regarding store locations, new arrivals, clearance items, personalized accounts, wish lists, RunwayRewards credit cards, shipping information, customer service, order status, live chat, career opportunities, Defendant's newsletter, charities, and social media pages. (*Id*., ¶ 23). Plaintiff, who is legally blind, can only experience the internet through screen-reading software. (*Id*., ¶¶ 1, 25). Defendant's website is incompatible with screen-reading software and, therefore, cannot be used by Plaintiff. (*Id*., ¶¶ 24, 30).

Plaintiff has visited Defendant's website numerous times, including in 2021. (*Id*., ¶¶ 28, 29). During each of these visits, Plaintiff encountered barriers which prevented her from using the website. (*Id*., ¶ 27). These barriers include (1) a lack of alternative text ("alt text") imbedded within graphics, which provide a mechanism by which the screen-reader can "read" images and other graphical elements, (2) empty links that contain no text, causing the function or purpose of the link to not be presented to the user, (3) redundant links, or adjacent links going to the same URL address, which results in additional navigation and repetition for keyboard and screen-reading users, and (4) linked images missing alt-text, where an image within a link lacks any descriptive text or alt-text, which provides the screen-reader with no content with which to present the user as to the function of the link. (*Id*.). These barriers prevent screen-reading software from functioning and thereby barred Plaintiff from using the website. (*Id*.). Plaintiff continues to be deterred on a regular basis from using Defendant's website, which Plaintiff desires to do. (*Id*., ¶ 31). Plaintiff also desires to visit Defendant's store but is deterred from doing so by the website's barriers, which have prevented her from finding the store location and hours of operation information. (*Id*.).

## B. Procedural History

Plaintiff filed her Complaint on February 25, 2021. (Dkt. 1). A copy of said Complaint is attached hereto as **Exhibit A**. On March 8, 2021, Plaintiff personally

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

served a copy of the Complaint, Summons, and Civil Case Cover Sheet via a registered California process server, as evidenced by the proof of service on file with the Court. (Dkt. 3). A copy of the proof of service is attached hereto as **Exhibit B**. On April 14, 2021, after more than twenty-one days had elapsed, with no responsive pleading having been filed, Plaintiff filed a Request for Entry of Default. (Dkt. 6). A copy of Plaintiffs Request for Clerk's Entry of Default is attached hereto as **Exhibit C**. On April 15, 2021, the Court entered default. (Dkt. 7). A copy of the Default by the Clerk is attached hereto as **Exhibit D**. On June 18, 2021, Plaintiff filed her motion for entry of default judgment against Defendant New York & Company, Inc., pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. 9). A copy of Plaintiff's Motion for Entry of Default Judgment is attached hereto as **Exhibit E**. On September 29, 2021, the Court denied the Motion without prejudice to renewal for failure to include analysis of the *Eitel* factors. (Dkt. 10). A copy of the Order is attached hereto as **Exhibit F**.

Now, Plaintiff renews her Motion for an entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2); to include substantive analysis of the *Eitel* factors, as Ordered by the Court.

### III.    ARGUMENT

### A. Default is Appropriate Under Rule 55 of the Federal Rues of Civil Procedure.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Defendant must appear or otherwise respond to Plaintiff's Complaint within the time prescribed by the Federal Rules of Civil Procedure. According to the Federal Rules of Civil Procedure, Rule 12(a)(1), the deadline for Defendant to respond passed prior to the time Plaintiff filed a request for Clerk Entry of Default. (*See* Declaration of Thiago M. Coelho ("Coelho Dec.") at ¶ 4). Plaintiff effected personal service of the Complaint, Summons, and corresponding orders on Defendant on March 8, 2021, as evidenced by the Proof of Service and Coelho Dec. on file with this Court.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

See Dkt. 3; *see also* Coelho Dec. ¶ 3.  As Defendant organized and maintains its business as an INC, personal service on the registered agent of the INC, C T Corporation System, was sufficient.    Consequently, Defendant's responsive pleading was due on March 29, 2021.  Defendant, however, failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action.  Lastly, Plaintiff requested default from, and the Court Clerk granted Plaintiff's request for entry of default against Defendant in compliance with Fed. R. Civ. P. 55(a).  (Dkt. 7).  Accordingly, Plaintiff has satisfied the requirements of Fed. R. Civ. P. 55(b)(2), and the Court may grant Plaintiff's Motion for Default Judgment.

### B.  The *Eitel* Factors Weigh in Favor of Granting Default Judgment.

Each of the *Eitel* factors support the Court granting Plaintiff's Motion for Default Judgment.

### a.  Prejudice to Plaintiff

First, there is a sizable possibility of ongoing prejudice to the Plaintiff should the Court fail to enter a default judgment against the Defendant for relief sought by Plaintiff in her Complaint.  Plaintiff has been and continues to be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant pursuant to 42 U.S.C. § 12182(a), as detailed in the Complaint.  *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (holding that plaintiff's contention that she has and will continue to suffer discrimination related to her disability coupled with defendant's failure to appear and defend constituted prejudice and favored entry of a default judgment because absent entry of default, plaintiff will most likely be without recourse against defendant, given its unwillingness to cooperate and defend).  Thus, the first factor weighs heavily in favor of the Court granting Plaintiff's Motion for Default Judgment.

///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

1
2
3
4
5
6
7
8
9
10
11
12

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**b. The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

"The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) *(citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  Courts often consider the second and third Eitel factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, i.e., stating a claim "on which the [plaintiff] may recover." *See Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. 1996) *(citing Danning*, 572 F.2d at 1388); *see also Bd. Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec, Inc.*, 2020 WL 2838801, at *2 (N.D. Cal 2020).

**1. The American with Disabilities Act**

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff has pleaded that she is disabled within the meaning of the ADA, as she is legally blind and can only experience the internet through screen-reading software. (Compl., ¶¶ 1, 4, 25).  Plaintiff has also pleaded that Defendant's stores are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7), *Id*., ¶¶ 7, 58, and that the website is a service of Defendant's stores warranting that it is subject to the ADA pursuant to the nexus test established in *Robles*, 913 F.3d at 905-06.  (*Id*., ¶¶ 5, 8, 10, 19, 23-26, 29, 31, 58, 62).  Accordingly, Plaintiff satisfied the second prong too.  Lastly, Plaintiff has pleaded the existence of four major barriers on Defendant's website, which prevent her from accessing the website using screen-readers due to Plaintiff's disability.  Plaintiff

also desires to visit Defendant's store but is deterred from doing so by the website's barriers, which have prevented her from finding the store location and hours of operation information. (*Id.*, ¶ 31). As such, Plaintiff has met her burden of stating a *prima facie* discrimination claim in violation of Title III of the ADA.

## 2. California's Unruh Civil Rights Act

Significantly, any violation of the ADA is also a violation of California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Molski*, 481 F.3d at 731 ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act"). As Plaintiff has met her burden to state a *prima facie* discrimination claim in violation of Title III of the ADA, Plaintiff has also satisfied her burden of pleading a *prima facie* discrimination claim in violation of her Unruh Act claim.

Furthermore, no issues have been raised with respect to the merits of Plaintiff's substantive claim. It is clear that Defendant has violated both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.* and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Additionally, the third factor supports the Court granting Plaintiff's Motion for Default Judgment because Plaintiff's Complaint is wholly sufficient. Unlike *Eitel's* complaint, where the district court could have had serious reservations about the merits of the substantive claim based upon the pleadings, there are no valid reservations about the merits of Plaintiff's substantive claims here. Here, the Complaint accurately reflects the violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.* and violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Plaintiff has identified four major barriers which are presented by Defendant's website, which keep it from working with screen-reading software. These barriers prevented Plaintiff and the Class Members from fully accessing the website and enjoying the benefits of the website that sighted members enjoy. In *Robles*, 913 F.3d at 905-06, the Ninth Circuit held that a website with a connection to a brick-and-mortar store—such as, undoubtedly, Defendant's website—must be ADA compliant, which means

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

that it must present a means by which blind and visually impaired individuals may interact with it via screen-readers.  And an Unruh Act claim is proven when an ADA claim is proven.  Cal. Civ. Code § 51(f).  So, this case presents one major issue, which is stated more than adequately in the Complaint, which is: does the website work with screen-readers?  Because of the four major barriers outlined by Plaintiff, the answer is no.  Accordingly, both the second and third *Eitel* factors support the Court granting Plaintiff's Motion for Default Judgment.

### c.  The Sum of Money at Stake in the Action

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Pepsico, Inc.*, 238 F. Supp. 2d at 1176.  When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored.  *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).  In *Eitel*, it could not have been said that the district court abused its discretion in denying the default judgment.  Eitel was seeking almost $3 million in damages from McCool and the parties disputed material facts in the pleadings.  Unlike *Eitel*, as discussed *infra*, there are no disputed material facts in the pleadings here.  Further, Plaintiff is not asking for a large sum, as in *Eitel*, but only requesting the Court award damages of $14,790.00.  *See Vogel*, 992 F. Supp. 2d at 1012 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, a "relatively small award of damages" in similar ADA cases) (cited with approval in *Avalos v. Red Mountain Asset Fund I, LLC*, No. 121CV00230NONEJLT, 2021 WL 2549457, at *5 (E.D. Cal. June 22, 2021).  Accordingly, this factor weighs in favor of entry of default judgment.

### d.  The Possibility of Dispute Concerning Material Facts

There is no evidence of a genuine issue of material fact because the Court

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

accepts the factual allegations in the Complaint as true. *See Landstar Ranger, Inc*, 725 F. Supp. 2d at 922 (holding that when a plaintiff has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment); *see also Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. at 393 (concluding that because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists). In *Eitel*, the defendant claimed there was no mutual agreement or "meeting of the minds" as to the terms and conditions of the proposed settlement agreement. This could have been viewed as a dispute as to material facts pertaining to the settlement agreement. However, the court properly concluded that their representations were "substantially identical" since both parties agreed to settle. Here, Defendant failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action. *See Avalos*, 2021 WL 2549467, at *5 (finding that possibility of dispute weighed in favor of entry of default judgment because defendant was properly served with both the pleadings and the default motion yet made no appearance in the matter). Accordingly, there seems to be no dispute as to the material facts of the case at hand, and this factor weighs in favor of the Court granting default judgment.

### e. Whether Default was due to Excusable Neglect

Because there is no excusable neglect here, the Court should find factor six weighs in favor of default judgment. In *Eitel*, the record showed that the parties engaged in earnest settlement negotiations after the complaint was served and also reached what appeared to be a final settlement agreement prior to the deadline for McCool's answer. The court reasoned that McCool reasonably believed that the litigation was at an end. The district court concluded that McCool's answer and counterclaim, filed soon after the settlement agreement dissolved, justified denying the default judgment. The court reasoned that even though beyond the 21-day

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

period for answering a complaint, McCool's prompt response after negotiations failed supports the conclusion that McCool was reasonably relying on the apparent settlement of the litigation.  Here, unlike *Eitel*, the Parties never conducted any communications whatsoever because Defendant failed to file a responsive pleading or even reach out to Plaintiff's Counsel.  *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (holding that the excusable neglect factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit); *see also Avalos*, 2021 WL 2549467, at *5 (holding excusable neglect weighed in favor of default judgment because defendant failed to make any appearance).  Here, the record indicates that Plaintiff properly served Defendant.  Accordingly, this factor is in favor of the Court granting Plaintiff's Motion for Default Judgment.

### f.  Policy favoring Decision on the Merits

While there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, there is no need for a decision on the merits here. *See Wecosign, Inc.*, 845 F. Supp. 2d at 1083 (holding that "notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate) (citing *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *see also Elektra Ent. Group*, 226 F.R.D. at 393 (holding that, despite the rules' strong policy favoring decisions on the merits, where a defendant fails to answer the complaint, a decision on the merits is" impractical, if not impossible."); *Avalos*, 2021 WL 2549457 (concluding that given defendant's failure to appear or respond whatsoever, this strong policy did not preclude default judgment).  Cases should be decided upon their merits whenever reasonably possible.  However, Defendant waived its opportunity to a decision on the merits when it failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action.  Furthermore, this

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

11

1    policy should not be the determining factor considering that the other factors above

2    weigh in favor of the motion for default judgment.

3            Therefore, default is appropriate under the *Eitel* factors.

4    **C. This Court Possesses Specific Personal Jurisdiction Over Defendant.**

5            "Federal courts ordinarily follow state law in determining the bounds of their

6    jurisdiction over persons." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015)

7    (quoting *Daimler AG v. Bauman*, ——U.S. ——, 134 S.Ct. 746, 753, 187 L.Ed.2d

8    624 (2014). "Because 'California's long-arm statute allows the exercise of personal

9    jurisdiction to the full extent permissible under the U.S. Constitution,' [the Court's]

10   inquiry centers on whether exercising jurisdiction comports with due process." *Id.*

11   (quoting *Daimler*, 134 S.Ct. at 753); *see also* Cal. Code Civ. Proc § 410.10 ("A

12   court of this state may exercise jurisdiction on any basis not inconsistent with the

13   Constitution of this state or of the United States."). "Due Process requires that the

14   defendant 'have certain minimum contacts' with the forum state 'such that the

15   maintenance of the suit does not offend traditional notions of fair play and

16   substantial justice.'" *Picot*, 780 F.3d. at 1211 (quoting *Int'l Shoe Co. v. Wash.*, 326

17   U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311

18   U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Specific jurisdiction depends

19   on an "affiliation[n] between the forum and the underlying controversy,"

20   principally, activity or an occurrence that takes place in the forum State and is

21   therefore subject to the State's regulation. von Mehren & Tratuman, Jurisdiction

22   To Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966). Specific

23   jurisdiction is confined to adjudication of "issues deriving from, or connected with,

24   the very controversy that establishes jurisdiction." *Id.*

25           It cannot reasonably be doubted that Defendant's stores and website in

26   California constituted sufficient minimum contacts for specific personal jurisdiction

27   over each of Plaintiff's claims. Defendant owns brick-and-mortar stores in

28   California. Defendant's stores constitute minimum contacts within the jurisdiction

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

because the stores are avenues through which Defendant does business with Californians. The barriers on the website prevented the disabled consumers, such as Plaintiff Sarah Young, to visit such stores to purchase goods and services. An additional contact that is presented in this case is Defendant's interactive website, through which it also does business with Californians. The ADA and Unruh Act causes of action both arose from these minimum contacts because it was Plaintiff's interaction with the website, through which she desired to learn more information about and visit the stores, which underpins those claims. The underlying controversy, being the discrimination and lack of website accessibility, derives from and is connected to the fact that Plaintiff is unable to efficiently use the website as explained by the various barriers detailed in the Complaint. These barriers prevented Plaintiff from visiting the physical locations and/or making any purchases online.

In *Zippo Manufacturing Co. v. Zippo Dot Com, Inc*., the court provided a sliding scale which establishes whether a court has jurisdiction over a website. "The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). "At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper." *E.g. CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir.1996). "At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." *Zippo Mfg. Co.*, 952 F.Supp. at 1124. "A passive [w]ebsite that does little more than make information available to those who are interested in it is not grounds for the exercise

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

personal jurisdiction." *E.g. Bensusan Restaurant Corp., v. King*, 937 F.Supp. 295 (S.D.N.Y.1996).

Here, personal jurisdiction is present because the causes of action arose from Defendant's activities at its stores, as well as on its website. As to the stores, the matter is simple: Plaintiff intended to visit the stores but was prevented by the problems with the website. But if the only contact were the website, exercising personal jurisdiction over the Defendant would still be proper because the website is highly interactive. The website by itself establishes minimum contacts. The nature and quality of commercial activity Defendant conducts over the internet is thus proportionate to the exercise of personal jurisdiction because Defendant posts its product on its website, and the website allows for customers to order online, explore new arrivals, career opportunities, charities, shipping information, Defendant's newsletter, and create personalized accounts. A Defendant who does business over the internet by allowing consumers to order online via its website should reasonably expect that they may be hauled into court, in the event, as is the case here, that a legally blind consumer could not access the website and stores in an equal manner as sighted consumers due to barriers to access on the website. Accordingly, there is no doubt that Plaintiff has specific personal jurisdiction over Defendants.

**D. Venue in this court Is Appropriate.**

Under the general venue statute, 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Here, venue is proper pursuant to prong

14

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

two because a substantial part of the events or omissions giving rise to the claims occurred in San Diego, the city that Plaintiff lives in, which is located in the Southern District of California. Plaintiff logged onto Defendant's website in this district but was denied access by the barriers on Defendant's website. Further, as explained above, Defendant is subject to the court's personal jurisdiction in the Southern District with respect to this action. Accordingly, venue in this Court is appropriate.

### E. Plaintiff's Computation of Damages Supports the Award.

#### a. Plaintiff Is Entitled to Injunctive Relief.

Plaintiff respectfully requests the Court enter a permanent injunction requiring Defendant to conform its website to comply with Web Content Accessibility Guidelines ("WCAG"). In *Robles*, the Ninth Circuit affirmed the holding of the district court and held that, "[A] district court can order compliance with WCAG 2.0 as an equitable remedy . . . " 913 F.3d at 907.

Specifically, Plaintiff seeks that the permanent injunction require that Defendant shall modify the website to achieve substantial conformance with WCAG 2.1 Level AA within twenty-four (24) months of the Court's order entering judgment on Defendant (the "Effective Date"). Further, Plaintiff also seeks that the permanent injunction require Defendant to adopt and implement a website accessibility policy, within one hundred eighty (180) days of the Effective Date, whereby any changes or additions to the Website will substantially conform with WCAG 2.1 Level AA guidelines.

#### b. Plaintiff Is Entitled to Statutory Damages Pursuant to Cal. Civ. Code § 52(a).

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 , 51.5 , or 51.6 , is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.

of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 , 51.5 , or 51.6.  Cal. Civ. Code § 52(a).

Plaintiff respectfully requests the Court award Plaintiff Four Thousand Dollars and Zero Cents ($4,000.00), for Defendant's violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*.  This amount is warranted because Plaintiff attempted to access Defendant's website, but could not, because Defendant's website is not compatible with screen-readers.  Consequently, Plaintiff was denied services of a place of public accommodation, Defendant's stores.  *See Robles*, 913 F.3d 898 at 905; see also Cal. Civ. Code § 51(f) (providing that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act).

### c. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs Under Both the ADA and Unruh Act Pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code §§ 52(a) and 52.1(h).

Plaintiff requests $10,790.00 in Attorneys' fees and costs.  *See* Coelho Dec. ¶ 9.  An award of attorneys' fees and costs is available to the prevailing party under both the ADA and Unruh Act.  *See* 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a) and 52.1(h).  Federal and state courts use the lodestar method to calculate recoverable attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  Here, an award of attorneys' fees is justified under the two statutes under which Plaintiff is suing, and the fees have been well documented.  An award is proper.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

16

1

## IV.   CONCLUSION

2    For the reasons expressed herein, respectfully, the Court should grant Plaintiff's

3    Motion for Default Judgment in its entirety.

4

5    Dated: April 11, 2022                          Respectfully submitted,

6                                                   WILSHIRE LAW FIRM

7                                                   By: */s/ Thiago M. Coelho*
8                                                   Thiago M. Coelho
                                                    Binyamin I. Manoucheri
9                                                   *Attorneys for Plaintiff Sarah Young*
                                                    *and the Putative Class*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO DEFENDANT NEW YORK & COMPANY STORES, INC.